**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ELIZABETH WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-12-0310-HE |
| | ) | |
| ALLSTATE INSURANCE COMPANY | ) | |
| and SUMMIT CLAIM AND APPRAISAL | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Elizabeth Wallace filed this action in state court against her insurer, Allstate Insurance Company ("Allstate"), and Summit Claim and Appraisal, Inc. ("Summit"). Summit had been hired by Allstate to assist it in adjusting a claim filed by plaintiff for damage to her roof. In her state court petition plaintiff alleged that Allstate had mishandled her insurance claim and improperly terminated her homeowner's policy. Summit filed a motion to dismiss, arguing that plaintiff had not stated a claim against it as she had not alleged any wrongdoing on its part. Allstate then removed the action asserting that, while Summit was a non-diverse defendant, removal was still proper because Summit had been fraudulently joined. Plaintiff responded to Summit's motion to dismiss by seeking leave to amend her complaint to add allegations of negligence against the company that had been erroneously omitted from her original petition. She also filed a motion to remand. The court granted plaintiff's motion to amend and now addresses her motion to remand and defendant Summit's motion to dismiss.

The dispositive issue as to both the motion to remand and motion to dismiss is whether, under Oklahoma law, an independent insurance adjuster hired by an insurer to investigate a claim owes a duty to the insured to conduct a fair and reasonable investigation. Plaintiff argues the Oklahoma courts impose such a duty and that, by alleging Summit breached it, she has stated a valid negligence claim against the adjuster. As it is undisputed that Summit is a non-diverse party, plaintiff contends the action was improperly removed and must be remanded.

Defendants respond that Summit was fraudulently joined because controlling Oklahoma case law does not recognize a cause of action for negligent adjustment. Defendants recognize that the Oklahoma Court of Civil Appeals held in <u>Brown v. State Farm Fire and Cas. Co.</u>, 58 P.3d 217 (Okla.Civ.App. 2002), that an insurance investigator hired by an insurance company to investigate the cause of a fire at the insured's property owed a duty to the insured to conduct a fair and reasonable investigation. However, they discount <u>Brown</u> on the ground it has no precedential value.[1] Defendants also argue that the <u>Brown</u> decision goes against the weight of authority from other jurisdictions and is based on two inapposite cases.

The court agrees with defendants and concludes that, in a proper case, the Oklahoma Supreme Court would follow the majority view and not impose a duty on independent insurance adjusters that would subject them to negligence actions by insureds as the result

---

[1]*The decision was not released for publication by the Oklahoma Supreme Court. 20 Okla Stat. § 30.5.*

of an allegedly mishandled claim.² The decisions relied upon by the court in Brown involved an architect,³ bond counsel⁴ and an accountant,⁵ highly skilled individuals who could reasonably expect third parties to rely on their work product. While it makes sense to hold such trained professionals accountable to third parties, the circumstances are different as to those performing the adjusting function. Public policy and other considerations counsel against holding insurance adjusters liable to insureds for simple negligence, at least in circumstances such as those present here.

In the context of an insurance claim, it is "[t]he insurer [that] contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim. Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligations, given that insureds and insurers often disagree on the extent of coverage or the amount of damages." Hamill v. Pawtucket Mut. Ins. Co., 892 A.2d 226, 257 (Vt. 2005) (internal citation omitted). As the court explained in Meineke v. GAB Business Servs., Inc., 991 P.2d 267, 568 (Az.Ct.App.

---

²*Because this is a diversity case the substantive law of the forum governs the analysis of plaintiff's claims. In the absence of a decision by the Oklahoma Supreme Court, this court must predict how that court would rule. As defendants note, Brown is not binding precedent.*

³*Keel v. Titan Constr. Corp., 639 P.2d 1228 (Okla. 1982).*

⁴*Bradford §. Processing Servs., Inc., 653 P.2d 188 (Okla. 1982).*

⁵*Stroud v. Arthur Andersen & Co., 37 P.3d 783, 794 (Okla. 2001) ("' One who, in the course of his ... profession ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information....'") (quoting Restatement (Second) of Torts § 552).*

1999):

> The independent adjuster's obligation is measured by the contract between the adjuster and the insurer. The adjuster that contracts to perform a $200 investigation is not obligated to expend the same effort that might be reasonable for a fee of $2000, nor is it obligated to continue when the insurer advises it to stop. Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer.

In addition, while "insurers can define and limit their risks, and set their premiums commensurate with those risks, . . . adjusters cannot circumscribe their potential risks and thus could face potentially open-ended liability." Hamill, 892 A.2d at 231; *see generally* Huber v. Tower Group, Inc., 2012 WL 1641601 (E.D. Cal. 2012) (while, under California law, independent insurance adjusters are not liable to insureds for alleged negligent claims handling that causes only economic loss, law is unclear whether recovery is permitted if adjuster's alleged negligence resulted in damage to insured's physical property).[6]

      Recognizing a potential tort recovery in these circumstances would be inconsistent with the standards developed by Oklahoma as to the insured-insurer relationship. Allowing plaintiff's negligence claim to proceed against Summit would hold the adjuster to a lesser standard (mere negligence) than that required for an insurer to be liable in tort to its insured. *See* Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1094 (Okla. 2005) (more than simple

---

[6]*The Brown court also relied on* Lockhart v. Loosen, *943 P.2d 1074 (Okla. 1997) and* Brigance v. Velvet Dove Restaurant, Inc., *725 P.2d 300 (Okla. 1986). Both cases are factually distinct and involved a third party who sustained physical injury, rather than economic loss.*

negligence" is required for an insurer to be held liable for bad faith); Hamill, 892 A.2d at 257 (noting the "unlikelihood that an action claiming negligent mishandling of a claim would be available against even the insurer"). It also conflicts with the Oklahoma Supreme Court's decision that in the context of a coverage dispute between an insurer and insured, unless the insured proves bad faith, his recovery will be limited to damages for breach of contract.[7] The court agrees with the analysis of the Arizona court in Meinke:

> The relationship between insurer and insured is defined by the terms of the policy and the implied covenant of good faith and fair dealing. In Miel,[8] we held that the insurer's mishandling of a claim does not give rise to a claim for simple negligence. If the insurer mishandles a claim, its insured may be entitled to recover compensatory damages for breach of contract, or damages in tort if the insurer's actions rise to the level of bad faith.
> We see no reason to apply a different rule when the insurer's agent, the adjuster, mishandles a claim. In that circumstance, the adjuster's actions are imputed to the insurer. See Restatement § 140. If the adjuster mishandles the claim, the insurer has the same liability to the insured as if an employee of the insurer had mishandled the claim.

Meineke, 991 P.2d at 568.

The court concludes the Oklahoma Supreme Court would hold that an independent insurance adjuster cannot be sued by an insured for mere negligence. Recognizing the heavy burden placed on the party asserting fraudulent joinder, the court finds defendants have "demonstrate[d] that there is no possibility that [plaintiff] would be able to establish a cause

---

[7] *The duty of good faith and fair dealing on the part of the insurer "is nondelegable so that insurers cannot escape it by delegating tasks to third parties." Wathor v. Mut. Assurance Adm'rs, Inc., 87 P.3d 559, 562 (Okla. 2004). Therefore, if the court follows Brown, an insurer, while responsible for the actions of an adjuster, could only be sued in contract if the adjuster was merely negligent, while the adjuster could be sued in tort.*

[8] *Miel v. State Farm Mut. Auto. Ins. Co., 912 P.2d 1333, 1340 (Az.Ct.App. 1995).*

of action against [Summit] in state court." Montano v. Allstate Indemnity, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)).  Accordingly, defendant Summit's motion to dismiss [Doc. #31] is **granted** and plaintiff's negligence claim against it is dismissed with prejudice.  Plaintiff's motion to remand [Doc. #22] is **denied**.

**IT IS SO ORDERED**.

Dated this 7th day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE